Cushing, C. J.,
instructed the jury that the objection taken to the admission of the deed, because the grantor had not acknowledged it, and because no evidence was offered of livery of seisin, was, in the opinion of the Court, unsupported by the law of the land. It was true that the requirements of the province law had not been complied with, and that there was no proof of actual livery of seisin. But this deed was not such a one as was comprehended within the provisions of that act, which requires acknowledgment and recording. For it had all the qualities of a deed to vses; and by the statute of uses, the possession was transferred to the use, immediately on the delivery of the deed. This opinion had been frequently held by great lawyers in this province, and he knew of no judgment of court to the contrary.
The particular reason, in his opinion, why it was not included in *421 the province law was, that, taking the whole of the act together, it intended to require the acknowledgment and recording of deeds only where livery of seism was necessary * to make the conveyance good. For the act provides that all deeds, &c., acknowledged and recorded, shall make a good title, without any other act or ceremony whatever; plainly referring to the ceremony of livery of seisin. Now, livery of seisin was unnecessary to the completion of a deed to uses. And thereupon he recommended to the jury to find a special verdict, in order that the matter might be more fully considered.
The jury accordingly returned a verdict, in which they found that D. Cox, late of London, physician, on the 28th of June, 1701, was seised of the demanded premises in fee; that, being so seised, at said London, he on the same day made and executed to the said D. Cox, of Trenton, esquire, (on whose seisin the demandants have counted,) a deed of the same, with other lands, in manner and form as appear from the writings and attestation annexed to the same deed which is in the case; and thereupon prayed the advisement of the Court; and if the Court were of opinion that the said deed, made in manner aforesaid, was sufficient in law to give the said D. Cox, of Trenton, seisin of the premises, and that thereby an estate in fee vested in him, then the jury found that the tenant did disseise the demandants, as they complain; otherwise,” &c.
This verdict was argued several times by Paine for the demand-ants, and Sprague and Lincoln for the tenant; and the opinion of the Court was delivered, at this term, to the follow,!ng effect, by Cushing, C. J. The question arising upon this special verdict is, whether the deed from Daniel Cox, wherein he granted the premises to his son, gave the seisin, and vested the fee thereof in him and his heirs, by the operation of the statute of 27 Hen. 8, commonly called the statute of uses, notwithstanding the provisions of the province law of 9 Will. 3, c. 8.
This deed may be considered as a covenant to stand seised to uses, according to 1 Lev. 55, where it is agreed that the words give and grant operate as such covenant. It is, then, necessary to inquire whether a conveyance of this kind is within the purview of the province law.
The first clause of the act provides that all deeds or conveyances of houses or lands, acknowledged and recorded as f is therein required, shall be valid to pass the same, without any other ict or ceremony; meaning, as I apprehend, without livery of seisin, which w«s indispensable at common law. The next clause enacts that no oargain, sale, mortgage,, or other conveyance, of houses or lands shall be good to hold such *422 houses or lands against other persons than the grantor and his heirs only, unless such deed be acknowledged and recorded. Now, comparing this with the first clause, it does seem that the legislature intended no other conveyance than those which the act or ceremony of livery of seisin was necessary, at common law, to render valid. And that ceremony was unnecessary in a deed to uses, because, by the statute of" uses, the possession is immediately transferred to the use.
But it is said we are to consider the preamble, which is a key to the sense and meaning of the legislature. There we find the law expressly enacted, to prevent clandestine and uncertain sales, &fC., and to the intent that it may be the better known what right and title the vendor has. Then comes the provision of the act, that all deeds acknowledged and recorded shall be valid to pass the land, without any other act or ceremony; which is followed by the second clause, where it is provided that no bargain, sale, mortgage, or other conveyance, shall be good, unless acknowledged and recorded. These words, “ or other conveyance,” are certainly comprehensive "enough to take in deeds to uses; and the mischiefs struck at in the pre amble, (i. e., purchasers being deceived and liable to be defrauded by clandestine sales,) are as applicable to, and as great from these deeds to uses, as any other conveyance whatever. By what rule, then, are we to exclude this species of conveyance, since they fall within the letter of the statute, and within the mischief intended to be remedied ?
In answer, if is contended that this particular deed is not within the provisions of the law, as it was executed without this province, and the operation of the act is confined expressly to deeds executed within the province. The words of the act are, “ that no bargain, sale, or other conveyance, &c., made and executed within this province, shall be good, unless acknowledged and recorded.” This deed was executed in London, proved by one witness in a court of record in a neighboring * government, and has been recorded in the county where the land.lies. Under these circumstances, is it valid to pass the land? Being a deed to uses, it must be valid, unless controlled by our provincial statute; and if we are governed by the words of the statute, the question must still be answered in the affirmative, as the deed was executed without the province.
There is another clause of the act which it may be useful to consider,' in deciding this case. It is a proviso that, if the grantor be dead, proving the execution of the deed by two witnesses shall be tantamount to an acknowledgment. Supposing this deed within the statute, the requisites of the law are not strictly complied with ; *423 but they are in substance. For what is the design of acknowledgment, but as proof of the execution of the deed, in order to its being -ecorded ? At common law, the testimony of one credible witness is sufficient to prove any fact; and so it is in reason. And proof derived from a court of record of a sister state is as valid as proof procured from testimony in this state.
Further, this deed is as well authenticated by the evidence of one witness, taken before a court of record, and the recording, as deeds are required to be by the third section, when the grantor refuses to acknowledge them; in which case, leaving a copy only with the register, with the testimony of one subscribing witness, shall support the title.
But, finally, if these requisites of the law must be taken in their strict and literal meaning, by the same rule, the words “ within the province ” must be understood literally; and then the validity of the deed is not affected. And by this construction, the words “ executed within the province ” are not rejected as insensible ; but have as operative a meaning given them as any words of the-statute.
Upon the whole, as this deed has the principal notorieties required by the province law, although not every particular one, and thus substantially answers the object of the preamble, to give notice of the title, and considering it as not within the words of the statute, we cannot therefore give an opinion to invalidate this deed. Judgment must be for the demandants on this verdict.